**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

MARGARET PELLEY,                          :
and CATHERINE PELLEY,                     :
                          Plaintiffs      :
                                          :
vs.                                       :      Civil Action No.:
                                          :
TARGET STORES, INC. AKA                   :
TARGET CORPORATION and                    :
ANDREW JACOB,                             :
                          Defendants      :      SEPTEMBER 25, 2020

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446,

defendants, **Target Stores, Inc. AKA Target Corporation and Andrew Jacob,**

hereby give notice of the removal of the above-captioned action from the Superior

Court of Connecticut, J.D. of New Haven at New Haven, which is the judicial district in

which said action is pending, to this Court. The grounds for removal are as follows:

1.      On or about August 25, 2020 the plaintiffs, Margaret Pelley and Catherine

Pelley, commenced a civil action against Target Stores, Inc., AKA Target Corporation

and Andrew Jacob in the Superior Court of Connecticut, J.D. of New Haven, at New

Haven, titled Margaret Pelley, et al v. Target Stores, Inc. AKA Target Corporation, et

al (the "New Haven Action"), Docket Number NNH-CV20-6107058-S.

1

2.      The plaintiffs' Complaint alleges that as a result of the negligence of the defendants, they suffered from the following injuries some of which may be permanent in nature: With respect to Margaret Pelley: Left shoulder pain; left wrist pain; left hip injury; right knee; right hip; neck pain; concussion; vision difficulties/double vision and a shock to her nervous system. With respect to Catherine Pelley: mid/low back pain and a shock to her nervous system. The plaintiffs' Complaint does not mention the total amount of medical specials claimed and is therefore silent as to the potential jurisdictional value.

3.      This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1441 and 1332(a) because complete diversity exists between the plaintiffs and the defendant Target Stores, Inc. AKA Target Corporation, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

4.      Counsel for the defendants learned that the amount of controversy exceeds the sum or value of $75,000 on September 2, 2020, when plaintiffs' counsel emailed to her a medical billing summary and records for Margaret Pelley, indicating medical bills with respect to that plaintiff only totaling approximately $20,000. Accordingly, this removal is being made within thirty days of receiving information that the matter is removable and meets the amount in controversy requirement.

2

5.      The Court must disregard the presence of defendant, Andrew Jacob, in determining whether complete diversity exists because there is no possibility that the plaintiff can state a cause of action against him in state court. At the time of the incident, Andrew Jacob was not the store manager of the subject Target Store.  In fact, Mr. Jacob did not work at the subject Target store in any capacity on the date of the incident.  (See, **Exhibit A**, Affidavit of Andrew Jacob).  "…[a] plaintiff may not defeat a federal court's diversity jurisdiction and a defendant's right of removal by merely joining as defendants parties with no real connection with the controversy." *Pampillonia v. RJR Nabisco, Inc.*, 183 F.3d 459, 460-61 (1998).  When no outright fraud exists in a plaintiff's pleadings, a plaintiff may be deemed to have fraudulently joined a defendant 'if from the pleadings there is no possibility that the claims against that defendant could be asserted in state court." *Briarpatch Ltd., L.P. v. Phoenix Picture, Inc.,* 373 F.3d 296, 302 (2d Cir. 2004). Because Andrew Jacob had no connection with the Target store in which the plaintiffs sustained their injuries at the time of the incident, the plaintiffs cannot sustain a cause of action in negligence against him. It is evident that plaintiffs have named Mr. Jacob as a defendant in this matter solely to prevent removal to federal court and as such, has been fraudulently joined.

Conway Stoughton LLC • Attorneys at Law
641 Farmington Avenue, Hartford, CT 06105
(860) 523-8000 • Fax (860) 523-8002• JURIS NO. 421209

6.      There is complete diversity of citizenship between the plaintiff and the remaining defendant. Plaintiffs are individuals who are citizens of the State of Connecticut. The defendant, Target Corporation, a Minnesota corporation, maintains its principal place of business in Minneapolis, Minnesota.

7.      Upon information and belief, based upon the allegations in the plaintiffs' Complaint and a damages spreadsheet for Margaret Pelley received by defense counsel on September 2, 2020, the value of the New Haven Action exceeds the sum or value of $75,000, exclusive of interest and costs.  Specifically, the case appears to have value in excess of $75,000 based on the damages spreadsheet as to Margaret Pelley provided by plaintiffs' counsel on September 2, 2020.  It is presumed that the damages being claimed will further increase upon receipt of special damage information as to plaintiff, Catherine Pelley.

8.      This Notice of Removal is being timely filed pursuant to 28 U.S.C. § 1446(b)(3), within thirty days after receipt (via e-mail on September 2, 2020), by the defendant of the plaintiffs' special damages listing, from which it was first ascertained that this case is removable.  Accordingly, the time for filing this Notice under the provisions of 28 U.S.C. § 1441 has not expired.

4

9.     This Court would have had original subject matter jurisdiction of this action under the provisions of 28 U.S.C. § 1332 if the New Haven Action had originally been brought in Federal court.   Removal is, therefore, proper under 28 U.S.C. § 1441(a).

10.     Removal of this case on the basis of diversity citizenship is not precluded by 28 U.S.C § 1441(b)(2) because, disregarding the presence of Andrew Jacob, none of the parties in interest has joined and served as a defendant a citizen of the State of Connecticut, which is the State in which the New Haven Action was brought.

11.     All state court papers served on defendants at the time of removal, consisting of the summons and complaint, are attached hereto as **Exhibit B**.

12.     Written notice of the filing of this Notice has been given to all parties as required by law.

12.     Pursuant to 28 USC §1446(d), the defendant has notified the Superior Court of the State of Connecticut of the filing of this petition.

For the reasons set forth above, defendant hereby removes this action from the Superior Court of Connecticut, J.D. of New Haven at New Haven, to this Court.

5

DEFENDANTS,
TARGET STORES, INC., AKA TARGET
CORPORATION, ET AL

By: /s/ Renee W. Dwyer ct10580
Renee W. Dwyer, ct10580
641 Farmington Avenue
Hartford, CT 06105
Phone: (860) 523-8000
Fax: (860) 523-8002
E-Mail: rdwyer@conwaystoughton.com

## CERTIFICATION

I hereby certify that on September 25, 2020, a copy of the foregoing Notice of Removal was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Renee W. Dwyer ct10580
Renee W. Dwyer, ct10580
641 Farmington Avenue
Hartford, CT 06105
Phone: (860) 523-8000
Fax: (860) 523-8002
E-Mail: rdwyer@conwaystoughton.com

6

Exhibit A

DOCKET NO. NNH-CV20-6107058S     :     SUPERIOR COURT

MARGARET PELLEY, ET AL     :     J.D. OF NEW HAVEN

VS.     :     AT NEW HAVEN

TARGET STORES, INC., ET AL     :     SEPTEMBER 11, 2020

## AFFIDAVIT OF ANDREW JACOB

I, Andrew Jacob, being duly sworn depose and state:

1.    I am over the age of eighteen and understand the obligation of an oath.

2.    On July 31, 2018, I was not employed in any capacity at the Milford, Connecticut Target store located at 1191 Boston Post Road in Milford, Connecticut, and performed no duties at that location as either an individual or an agent, servant or employee of Target.

3.    On July 31, 2018, I was not the Manager of the Target store located at 1191 Boston Post Road in Milford, Connecticut.

4.    On July 31, 2018, I was not employed in any capacity at the Target store located at 1191 Boston Post Road in Milford, Connecticut, and had not been employed in that store in any capacity since April, 2016.

5.    On July 31, 2018, I was employed by Target Corporation as an Executive Team Lead at the Holly Lane, Trumbull, Connecticut store.

5.    On July 31, 2018, nor at any time before or after that date, did I in my individual capacity employ any individuals, employees, agents or servants that were in any way affiliated with the Target store in Milford, Connecticut.

1

6.     On July 31, 2018, nor at any time before that date did I in my individual capacity possess or control the Target store located at 1191 Boston Post Road in Milford, Connecticut.

7.     My "LinkedIn" profile was created when I worked at the Milford location.

8.     I do not regularly update my "LinkedIn" profile, and I hardly use the "LinkedIn" platform/website.

9.     While my "LinkedIn" profile in July 2020 still had me listed as being employed at the Milford Target store that was not accurate.

10.     As soon as I realized that I was mistakenly sued because of my outdated "LinkedIn" profile, I changed the profile.

11.     As I was not employed at the Milford Target store on July 31, 2018, I have no knowledge of the facts alleged in the complaint in which I was named.

12.     As I was not employed at the Milford Target store on July 31, 2018, I was not responsible, as alleged in the paragraph two of counts two and four of the plaintiffs' complaint, for "among other things overseeing sales floor operations throughout the entire [Milford] store."

Andrew Jacob

Subscribed and sworn to before me this ~~11~~ day of *September*, 2020.

Notary Public/Commissioner of Superior Court

2

Conway Stoughton LLC • Attorneys at Law
641 Farmington Avenue, Hartford, CT 06105
(860) 523-8000 • Fax (860) 523-8002• JURIS NO. 421209

Exhibit B

**SUMMONS - CIVIL**
JD-CV-1   Rev. 2-20
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a, 52-48, 52-259;
P.B. §§ 3-1 through 3-21, 8-1, 10-13

| For information on ADA accommodations, contact a court clerk or go to: www.jud.ct.gov/ADA. |
|---|

STATE OF CONNECTICUT
**SUPERIOR COURT**
*www.jud.ct.gov*



Instructions are on page 2.

- ☐ Select if amount, legal interest, or property in demand, not including interest and costs, is LESS than $2,500.
- ☒ Select if amount, legal interest, or property in demand, not including interest and costs, is $2,500 or MORE.
- ☐ Select if claiming other relief in addition to, or in place of, money or damages.

**TO: Any proper officer**

By authority of the State of Connecticut, you are hereby commanded to make due and legal service of this summons and attached complaint.

| Address of court clerk (Number, street, town and zip code) | Telephone number of clerk | Return Date (Must be a Tuesday) |
|---|---|---|
| 235 Church Street, New Haven, CT 06510 | ( 203 ) 503 – 6800 | 09/08/2020 |

| ☒ Judicial District | G.A. | At (City/Town) | Case type code (See list on page 2) | |
|---|---|---|---|---|
| ☐ Housing Session | ☐ Number: | New Haven | Major: T | Minor: 03 |

**For the plaintiff(s) enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented (Number, street, town and zip code) | Juris number (if attorney or law firm) |
|---|---|
| Bonadies Law Firm, 3190 Whitney Ave, Bldg 1, Hamden, CT 06518 | 440417 |

| Telephone number | Signature of plaintiff (if self-represented) |
|---|---|
| ( 203 ) 288 – 1300 | |

| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book. ☒ Yes ☐ No | E-mail address for delivery of papers under Section 10-13 of the Connecticut Practice Book (if agreed) jessica@bonadieslaw.com |
|---|---|

| Parties | | Name (Last, First, Middle Initial) and address of each party (Number; street; P.O. Box; town; state; zip; country, if not USA) | |
|---|---|---|---|
| First plaintiff | Name: | Margaret Pelley | P-01 |
| | Address: | 15 Rosina Rd., Hamden CT | |
| Additional plaintiff | Name: | Catherine Pelley | P-02 |
| | Address: | 15 Rosina Rd., Hamden CT | |
| First defendant | Name: | Target Stores, Inc. aka Target Corporation | D-01 |
| | Address: | c/o C T CORPORATION SYSTEM, 67 BURNSIDE AVE, EAST HARTFORD, CT, 06108-3408 | |
| Additional defendant | Name: | Andrew Jacob | D-02 |
| | Address: | 483 Howellton Rd, Orange, CT 06477 | |
| Additional defendant | Name: | | D-03 |
| | Address: | | |
| Additional defendant | Name: | | D-04 |
| | Address: | | |

| Total number of plaintiffs: 2 | Total number of defendants: 2 | ☐ Form JD-CV-2 attached for additional parties |
|---|---|---|

## Notice to each defendant

1. **You are being sued.** This is a summons in a lawsuit. The complaint attached states the claims the plaintiff is making against you.
2. To receive further notices, you or your attorney must file an *Appearance* (form JD-CL-12) with the clerk at the address above. Generally, it must be filed on or before the second day after the Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to appear.
3. If you or your attorney do not file an *Appearance* on time, a default judgment may be entered against you. You can get an *Appearance* form at the court address above, or on-line at https://jud.ct.gov/webforms/.
4. If you believe that you have insurance that may cover the claim being made against you in this lawsuit, you should immediately contact your insurance representative. Other actions you may take are described in the Connecticut Practice Book, which may be found in a superior court law library or on-line at https://www.jud.ct.gov/pb.htm.
5. If you have questions about the summons and complaint, you should talk to an attorney.
   **The court staff is not allowed to give advice on legal matters.**

| Date | Signed (Sign and select proper box) | ☒ Commissioner of Superior Court | Name of person signing |
|---|---|---|---|
| 07/20/2020 | | ☐ Clerk | Jonathan Hasbani |

| If this summons is signed by a Clerk: | | For Court Use Only |
|---|---|---|
| a. The signing has been done so that the plaintiff(s) will not be denied access to the courts. | | File Date |
| b. It is the responsibility of the plaintiff(s) to ensure that service is made in the manner provided by law. | | |
| c. The court staff is not permitted to give any legal advice in connection with any lawsuit. | | |
| d. The Clerk signing this summons at the request of the plaintiff(s) is not responsible in any way for any errors or omissions in the summons, any allegations contained in the complaint, or the service of the summons or complaint. | | |

| I certify I have read and understand the above: | Signed (Self-represented plaintiff) | Date | Docket Number |
|---|---|---|---|
| | | | |

Page 1 of 2

RETURN DATE:  SEPTEMBER 8, 2020                    :          SUPERIOR COURT

MARGARET PELLEY AND CATHERINE PELLEY          :          J.D. OF NEW HAVEN

VS.                                                                  :          AT NEW HAVEN

TARGET STORES, INC. AKA TARGET CORPORATION ET AL  :          JULY 20, 2020

<u>COMPLAINT</u>

<u>COUNT ONE</u> – Margaret Pelley v. Target

1.      At all times mentioned herein, TARGET STORES, INC. AKA TARGET CORPORATION is a

corporation organized under the laws of the State of Minnesota and duly authorized to conduct

business in the State of Connecticut.

2.      At all times hereinafter mentioned, the Target at the Milford Mall located at 1191

Boston Post Rd, Milford, CT 06460, was owned or leased, controlled, managed and/or

maintained by the Defendant.

3.      On or about July 31, 2018 the Plaintiff, Margaret Pelley, was a customer on the

Defendant's business premises located at the Milford Mall located at 1191 Boston Post Rd,

Milford, CT 06460.

4.      At said time and place, the Plaintiff was injured when she was caused to slip and fall by

liquid substance causing injuries, losses and damages hereinafter described.

5.      Said occurrence was due to the actions and omissions of the defendant, its agents,

servants, and/or employees in one or more of the following ways, in that  they:

        a.      failed to operate business in a reasonably safe or correct manner;

        b.      caused, created and/or allowed unsafe conditions to exist in the area that the

        Plaintiff was walking;

c.      failed to maintain the flooring in the area of the Plaintiff, in a safe condition;

d.      failed to correct, repair, or otherwise remedy unsafe and/or dangerous conditions;

e.      failed to adequately train its employees in detecting, identifying and correcting hazardous conditions;

f.      caused, allowed or permitted the dangerous and defective condition to exist for an unreasonable period of time, and took inadequate measures to remedy and correct the same.

g.      failed to adequately inspect the floors for said hazards for patrons, like the Plaintiff;

h.      to follow its own safety policies and procedures to assure safe flooring;

i.      failed to erect or maintain proper safeguards, warnings, signs or failed otherwise to warn the plaintiff of the aforesaid condition;

j.      failed to keep said flooring open and safe for use;

k.      failed to perform timely inspections of the floors.

6.   Defendant's conduct was negligence.

7.    The Defendant, its agents, servants, and/or employees knew, or had it exercised due care or proper diligence, should have known, of the aforesaid conditions.

8.    As a result of the negligence and carelessness of the Defendant, its agents, servants and/or employees, the Plaintiff received the following injuries, some which may be permanent in nature:

a.      Left shoulder pain;

b.      Left wrist pain;

c.      Left hip injury;

d.      Right knee;

e.      Right hip;

f.      Neck pain;

g.      Concussion;

h.      Vision difficulties/double vision;

9.      The Plaintiff has incurred and will incur expenses for medical care and attention, medicine, x-rays, etc. and has been and will be unable to perform her occupational/household duties as she did prior to said occurrence, all of which has and will cause her loss and damage.

10.      As a further result of her injuries, the Plaintiff has suffered a shock to her nervous system.  From all of the aforesaid injuries or the effects thereof, the plaintiff has suffered and will suffer pain, anguish, and nervousness, some of which injuries of the effects thereof, are, or are likely to be permanent.


**COUNT TWO** – Margaret Pelley v. Andrew Jacob

1.      At all times mentioned herein, Andrew Jacob is an individual who lives in Orange, Connecticut.

2.      At all times hereinafter mentioned, Andrew Jacob was the/an Executive Team Leader at the Target at the Milford Mall located at 1191 Boston Post Rd, Milford, CT 06460 and was responsible for, among other things, overseeing sales floor operations throughout the entire store.

3-10. Paragraphs three through ten of count one are realleged and incorporated as paragraphs three though ten of count two.


**COUNT THREE** – Catherine Pelley

1.      At all times mentioned herein, TARGET STORES, INC. AKA TARGET CORPORATION is a corporation organized under the laws of the State of Minnesota and duly authorized to conduct business in the State of Connecticut.

2.      At all times hereinafter mentioned, the Target at the Milford Mall located at 1191 Boston Post Rd, Milford, CT 06460, was owned or leased, controlled, managed and/or maintained by the Defendant.

3.      On or about July 31, 2018 the Plaintiff, Catherine Pelley, was a customer on the Defendant's business premises located at the Milford Mall located at 1191 Boston Post Rd, Milford, CT 06460.

4.      At said time and place, the Plaintiff was injured when she was caused to slip and fall by liquid substance causing injuries, losses and damages hereinafter described.

5.      Said occurrence was due to the actions and omissions of the defendant, its agents, servants, and/or employees in one or more of the following ways, in that  they:

  a.      failed to operate business in a reasonably safe or correct manner;

  b.      caused, created and/or allowed unsafe conditions to exist in the area that the Plaintiff was walking;

  c.      failed to maintain the flooring in the area of the Plaintiff, in a safe condition;

  d.      failed to correct, repair, or otherwise remedy unsafe and/or dangerous

conditions;

    e.       failed to adequately train its employees in detecting, identifying and correcting hazardous conditions;

    f.       caused, allowed or permitted the dangerous and defective condition to exist for an unreasonable period of time, and took inadequate measures to remedy and correct the same.

    g.      failed to adequately inspect the floors for said hazards for patrons, like the Plaintiff;

    h.      to follow its own safety policies and procedures to assure safe flooring;

    i.       failed to erect or maintain proper safeguards, warnings, signs or failed otherwise to warn the plaintiff of the aforesaid condition;

    j.       failed to keep said flooring open and safe for use;

    k.      failed to perform timely inspections of the floors.

6.      Defendant's conduct was negligence.

7.      The Defendant, its agents, servants, and/or employees knew, or had it exercised due care or proper diligence, should have known, of the aforesaid conditions.

8.      As a result of the negligence and carelessness of the Defendant, its agents, servants and/or employees, the Plaintiff received the following injuries, some which may be permanent in nature:

    a.      Mid/Low back pain;

9.      The Plaintiff has incurred and will incur expenses for medical care and attention, medicine, x-rays, etc. and has been and will be unable to perform her occupational/household

duties as she did prior to said occurrence, all of which has and will cause her loss and damage.

10.       As a further result of her injuries, the Plaintiff has suffered a shock to her nervous system.  From all of the aforesaid injuries or the effects thereof, the plaintiff has suffered and will suffer pain, anguish, and nervousness, some of which injuries of the effects thereof, are, or are likely to be permanent.


**COUNT FOUR** – Catherine Pelley v. Andrew Jacob

1.       At all times mentioned herein, Andrew Jacob is an individual who lives in Orange, Connecticut.

2.       At all times hereinafter mentioned, Andrew Jacob was the/an Executive Team Leader at the Target at the Milford Mall located at 1191 Boston Post Rd, Milford, CT 06460 and was responsible for, among other things, overseeing sales floor operations throughout the entire store.

3-10. Paragraphs three through ten of count three are realleged and incorporated as paragraphs three though ten of count four.

WHEREFORE, the Plaintiff claims:

1.      Money damages;

2.      Such other relief as law or equity may provide.

                              THE PLAINTIFF,


               BY:

                              JONATHAN HASBANI
                              THE BONADIES LAW FIRM, LLC
                              3190 Whitney Avenue
                              Building #1
                              Hamden, CT 06518
                              Phone 203-288-1300
                              Fax 203-288-1302
                              Juris # 434016
                              Firm # 440417

| RETURN DATE:  SEPTEMBER 8, 2020 | : | SUPERIOR COURT |
| MARGARET PELLEY AND CATHERINE PELLEY | : | J.D. OF NEW HAVEN |
| VS. | : | AT NEW HAVEN |
| TARGET STORES, INC. AKA TARGET CORPORATION ET AL | : | JULY 20, 2020 |

## STATEMENT OF AMOUNT IN DEMAND

THE PLAINTIFF CLAIMS: Damages in excess of $15,000.00, exclusive of interest and costs.

THE PLAINTIFF,

BY: _____

JONATHAN HASBANI
THE BONADIES LAW FIRM, LLC
3190 Whitney Avenue
Building #1
Hamden, CT 06518
Phone 203-288-1300
Fax 203-288-1302
Juris # 434016
Firm # 440417